**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**RAFAEL PAULINO,**

        Petitioner,

    v.                        **CIVIL ACTION NO. 5:23-CV-275**
                                          Judge Bailey

**HEATHER RAY,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On August 14, 2023, the *pro se* petitioner, Rafael Paulino ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On August 18, 2023, petitioner paid the $5 filing fee. [Doc. 6]. Petitioner is a federal inmate who, at the time of filing his petition, was housed at FCI Hazelton in Bruceton Mills, West Virginia, and is challenging the application of time credits under the First Step Act. On October 2, 2023, respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. [Doc. 20]. To date, petitioner has not filed a response. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Motion to Dismiss, or in the Alternative, for Summary Judgment be granted and that the petition be denied and dismissed without prejudice.

1

## II. BACKGROUND

### A.     Conviction and Sentence[1]

On February 28, 2018, petitioner was charged in an indictment in the United States District Court for the Southern District of New York with conspiring to distribute and possess with intent to distribute one or more kilograms of heroin in violation of 21 U.S.C. §§ 841(a)(2), 841(b)(1)(A), & 846.  Petitioner pleaded guilty and on January 29, 2020, petitioner was sentenced to a term of 151 months imprisonment.  According to the Bureau of Prison's ("BOP") website, petitioner's **projected** release date, via good conduct time, is December 15, 2028.

### B.     The Instant Petition for Habeas Corpus Under § 2241

In the instant petition, petitioner alleges that the BOP has failed "to specify whether petitioner is eligible or ineligible for FSA ETC's."  [Doc. 1 at 1].  Petitioner alleges that he is being denied participation in and application of time credits under the First Step Act, despite being eligible.

### C.     Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment.

On October 2, 2023, respondent filed the instant Motion.  Respondent argues that the petition should be dismissed for two reasons.  First, that petitioner failed to exhaust his administrative remedies prior to filing his petition.  Although petitioner has filed other

---

[1]  The information in this section is taken from the petitioner's criminal docket available on PACER.  *See United States v. Paulino, et al*, 1:18-CR-173-NRB-2 (S.D. NY. 2018). ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

administrative remedies during his period of incarceration, he has not filed any remedy relating to the First Step Act or his instant claims.  [Doc. 21 at 6].  Second, respondent asserts that the BOP received a final order of removal from the U.S. Immigration and Customs Enforcement ("ICE") on May 18, 2023, and that, as such, petitioner is ineligible to have any time credits under the First Step Act applied.  [Id. at 9].

On October 3, 2023, the undersigned issued a *Roseboro* notice to petitioner, informing him of his right to file material in opposition to respondent's Motion and warning him of the possible consequences of failing to respond.  [Doc. 22].  On October 4, 2023, the Court received a Notice of Change of Address from petitioner, indicating he had been moved to FCI Memphis in Memphis, Tennessee, and on October 20, 2023, the *Roseboro* notice was returned as undeliverable.  [Docs. 23 & 26].  Accordingly, the undersigned Ordered that the *Roseboro* notice, along with copies of the Motion and Memorandum in support, be re-sent to petitioner at the new address.  Service of the Order and accompanying attachments was accepted on November 1, 2023.  The *Roseboro* notice provided petitioner with twenty-one days from the date of the Order to file any opposition. To date, petitioner has not filed any response.

### III.    LEGAL STANDARDS

### A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction.  A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment.  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975).  Because

the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  *See Materson v. Stokes*, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  *See* Fed. R. Civ. P. 12(h)(3).

**B.     Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.'  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (emphasis added)."  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice.  *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995).  In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible."  *Id*. at 570.

4

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  *Id*. at 396–97.

## C.    Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there

is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

The undersigned finds that the petition should be dismissed without prejudice for failure to exhaust administrative remedies.   Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634-35 (2d Cir.2001), *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981)).  Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 741).  "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Porter*, 534 U.S. at 524.

6

Pursuant to **McClung**, failure to exhaust may only be excused upon a showing of cause and prejudice.  As recognized in **Carmona**, *supra*, which was cited by the Fourth Circuit in its opinion in **McClung**:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

**Carmona**, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).  *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based.  If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, petitioner has not exhausted his administrative remedies prior to filing suit and has not presented any reason why the failure to exhaust should be excused. Accordingly, the petition should be dismissed.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [**Doc. 20**] be **GRANTED** and the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  December 5, 2023.

*/s, James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE